Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorney for Plaintiff*
And those similarly situated

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MCCREARY, VESELKA, BRAGG & ALLEN P.C. a Texas Professional Corporation <br><br> Defendant. | Civil Action No.: 3:25-cv-00134 <br><br> **CLASS ACTION COMPLAINT** |

Plaintiff BRANDON CALLIER, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant MCCREARY, VESELKA, BRAGG & ALLEN P.C. ("McCreary") to stop their illegal practice of sending unsolicited telemarketing texts to the telephones of consumers whose phone numbers were registered on the Federal Do Not Call Registry, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

//

//

//

//

1

## **NATURE OF THE ACTION**

1. McCreary, Veselka, Bragg, & Allen P.C. is a Texas-based law firm. As a part of their marketing, Defendant McCreary sent thousands of illegal solicitation texts to consumers whose phone numbers were registered on the Federal Do Not Call Registry.

2. Defendant did not obtain consent prior to sending these unsolicited calls and text messages, and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5. The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging to those who object to receiving telephone solicitations. *Id*. § 227(c)(3).

6. By sending these robocalls to people who have registered their phone numbers on the National Do Not Call Registry, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## **PARTIES**

8. Plaintiff Brandon Callier is a natural person residing in El Paso, Texas.

9. Defendant McCreary, Veselka, Bragg & Allen P.C. is a professional corporation organized and existing under the laws of Texas.

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11. This Court has general personal jurisdiction over Defendant because Defendant is a Texas Professional Corporation.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury occurred in this District.

## COMMON FACTUAL ALLEGATIONS

13. Defendant McCreary operates as a law firm based out of multiple Texas cities.

14. Defendant sent out unsolicited calls with artificial or prerecorded voice messages soliciting Plaintiff and the putative class for Defendant McCreary's legal representation.

15. Defendant failed to obtain consent from recipients, nor did they check the Do Not Call registry.

## PLAINTIFF'S FACTUAL ALLEGATIONS

16. Plaintiff registered his personal cell phone ending in 1845 on the National Do Not Call Registry since June 28, 2024.

17. Plaintiff never asked the National Do Not Call Registry administrator to remove him from the National Do Not Call Registry and Plaintiff was on the National Do Not Call Registry at all times relevant to this Complaint.

18. Plaintiff's telephone number 1845 is a residential number and is registered to a cellular telephone service.

19. Plaintiff's telephone number 1845 is not used for commercial purposes.

20. Plaintiff uses telephone number 1845 for personal calls.

21. Defendant McCreary offers legal representation to consumers.

22. Defendant McCreary is barred by ethics from making direct solicitation phone calls to consumers with whom no preexisting relationship exists.

23. Defendant McCreary has generated substantial profits by violating the TCPA and generating new clients through illegal telemarketing.

24. **Text #1** – On March 12, 2025, at 9:07 AM, Plaintiff received the first text to his personal phone 1845 from Defendant McCreary from short text number 39029.

25. **Text #2** – On March 12, 2025, at 11:10 AM, Plaintiff received the second text to his personal phone 1845 from Defendant McCreary from short text number 39029. The text stated,

> "PAY YOUR OUTSTANDING FINE(S) NOW. Call MVBA at 866-955-5455 to resolve your warrant(s) before you are required to appear by arrest. Ref #2176073. To optout txt STOP"

26. Defendant McCreary is the owner and regular user of telephone number 866-955-5455.

27. Plaintiff does not have outstanding fines.

28. Defendant used warrants and the threat of arrest to coerce Plaintiff into hiring Defendant.

29. Plaintiff did not give his prior express written consent to receive any of the alleged texts.

30. None of the alleged texts were sent to Plaintiff for emergency purposes.

31. The texts were sent to Plaintiff to solicit payment for services related to debt resolution, which is considered commercial activity—because Defendant charges fees, collects additional costs, or profits in any way.

32. Defendant McCreary employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

33. Defendant McCreary has knowledge of and has adopted and maintained TCPA violations as a sales strategy.

34. Defendant McCreary knew that the text messages were false, deceptive, misleading, intimidating, and coercive.

35. Defendant McCreary refused to take any action to stop or curtail the unlawful sales practices that violate the TCPA because these practices benefit Defendant financially.

36. Defendant McCreary violated Texas Penal Code § 38.12 when it solicited employment for itself by telephone to obtain economic benefit. Penal Code 38.12(a)(2) Barratry and Solicitation of Professional Employment.

37. Defendant McCreary violated Texas Penal Code § 38.12 when it with intent to obtain professional employment used coercion, duress, fraud, intimidation, misleading, deceptive, and false claims. Penal Code 38.12(d)(1)(2)(E-F) Barratry and Solicitation of Professional Employment.

38. A person who was solicited by conduct violating Section 38.12 (Barratry and Solicitation of Professional Employment) (a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, regarding barratry by attorneys or other persons, but who did not enter into a contract as a result of that conduct, may file a civil action against any person who committed barratry.

39. A person who prevails under Subsection (c) shall recover from each person who engaged in barratry: (1) A penalty in the amount of $10,000; (2) actual damages caused by the prohibited conduct; and (3) reasonable and necessary attorney's fees.

40. Upon information and belief, Defendant McCreary did not train employees who engaged in telemarketing on the existence and use of Defendant McCreary's internal do not call policy as Defendant McCreary failed to recognize Plaintiff's personal cell phone 1845 is registered on the National Do Not Call Registry.

41. Plaintiff was harmed by the calls.

42. Plaintiff was temporarily deprived of legitimate use of his phone because the phone line was tied up during the telemarketing texts and his privacy was improperly invaded. Moreover,

these texts injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

43. The texts caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

### INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANT'S ACTIONS

44. Mr. Callier realleges and incorporates the foregoing paragraphs herein as if set forth here in full.

45. The calls harmed Mr. Callier by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

46. The calls harmed Mr. Callier by trespassing upon and interfering with his rights and interests in his cellular telephone.

47. The calls harmed Mr. Callier by intruding upon his seclusion.

48. Mr. Callier has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

### CLASS ALLEGATIONS

49. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class.** All persons in the United States who: (1) from the last 4 years to present (2) Defendant texted (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time.
>
> **Texas Barratry Subclass.** All persons in Texas who: (1) from the last 4 years to present (2) Defendant texted or called soliciting services (3) who did not have a preexisting relationship with Defendant.

50. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

51. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendant sent text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

52. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited messages.

53. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

54. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect

the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

55. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether the unsolicited robocalls were caused by Defendant;

   b. Whether the unsolicited robocalls promoted Defendant McCreary's products or services;

   c. Whether Defendant checked the phone numbers to be called against the Federal Do Not Call registry;

   d. Whether Defendant obtained express written consent prior to sending the unsolicited robocall;

   e. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

56. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties

and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**First Cause of Action:**
**Violation of 47 U.S.C. § 227(c)**
**(On behalf of Plaintiff and the TCPA Class)**

57. Mr. Callier realleges the foregoing paragraphs and incorporates them herein as if set forth here in full.

58. The telephone numbers of Mr. Callier and the Class are registered on the Do Not Call Registry.

59. Defendant placed unsolicited phone calls and texts to Mr. Callier's and the Class members' DNC registered telephones without having their prior written consent to do so

60. Defendant's actions constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

61. Defendant's solicitating phone calls were made for the commercial purpose of soliciting Defendant McCreary's services.

62. As a result of its unlawful conduct, Defendant repeatedly invaded Mr. Callier's and the Class's personal privacy, causing them to suffer damages.

63. Mr. Callier is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

64. Mr. Callier also seeks a permanent injunction prohibiting Defendant from making telemarketing solicitations to telephone numbers listed on the Federal Government's National Do Not Call Registry.

//

//

**Second Cause of Action:**
**Violation of 82.0651 Civil Liability for Prohibited Barratry**
**(On Behalf of Plaintiff and the Texas Subclass)**

65. Mr. Callier realleges the preceding paragraphs and incorporates them herein as if set forth here in full.

66. This cause of action arises under Tex. Gov't Code § 82.0651, which allows a person to recover damages from illegal barratry.

67. Barratry is the solicitation of employment to prosecute or defend a claim with the intent to obtain a personal benefit. *State Bar of Tex. V. Kilpatrick*, 874 S. W.2d 656, 658 n.2 (Tex.1994).

68. Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct, is entitled "Prohibited Solicitations and Payments."

69. Rule 7.03 provides, in relevant part, as follows:

(a) A lawyer shall not by in-person contact, or by regulated telephone or other electronic contact as defined in paragraph (f) seek professional employment concerning a matter arising out of a particular occurrence or event, or series of occurrences or events, from a prospective client or nonclient who has not sought the lawyer's advice regarding employment or with whom the lawyer has no family or past or present attorney-client relationship when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain....

As used in paragraph (a), "regulated telephone or other electronic contact" means any electronic communication initiated by a lawyer or by any person acting on behalf of a lawyer or law firm that will result in the person contacted communicating in a live, interactive manner with any other person by telephone or other electronic means. *Id*. R. 7.03(a), (f)

70. A lawyer shall not send, or deliver, or knowingly cause another person to send, deliver, or transmit, a communication that involves coercion, duress, overreaching, intimidation, or undue influence.

10

71. Plaintiff was solicited for legal services by Defendant. Plaintiff did not initiate communication with Defendant.

72. Plaintiff was targeted by Defendant despite not having a preexisting relationship with Defendant.

73. Defendant's conduct violated at least Section 38.12(b) of the Penal Code and Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct.

74. Plaintiff was solicited on behalf of Defendant so that Defendant would benefit financially.

75. Defendant knew or should have known that its authorization to tele-solicit clients was in violation of Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct and Section 38.12(b) of the Texas Penal Code.

76. Defendant McCreary violated Texas Penal Code § 38.12 when it solicited employment for itself by telephone to obtain economic benefit. Penal Code 38.12(a)(2) Barratry and Solicitation of Professional Employment.

77. Defendant McCreary violated Texas Penal Code § 38.12 when it with intent to obtain professional employment used coercion, duress, fraud, intimidation, misleading, deceptive, and false claims. Penal Code 38.12(d)(1)(2)(E-F) Barratry and Solicitation of Professional Employment.

78. A person who was solicited by conduct violating Section 38.12 (Barratry and Solicitation of Professional Employment) (a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, regarding barratry by attorneys or other persons, but who did not enter into a contract as a result of that conduct, may file a civil action against any person who committed barratry.

79. A person who prevails under Subsection (c) shall recover from each person who engaged in barratry: (1) A penalty in the amount of $10,000; (2) actual damages caused by the prohibited conduct; and (3) reasonable and necessary attorney's fees.

80. Accordingly, Plaintiff seeks statutory damages, actual damages, and attorney's fees as permitted by Texas law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff BRANDON CALLIER, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 227(c) of the TCPA;

C. An order declaring that Defendant's actions, as set out above, violate Section 38.12(b) of the Penal Code and Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct.

D. An order declaring that Defendant's actions, as set out above, violate the TCPA willfully and knowingly;

E. An award of $1,500 per call in statutory damages arising from the TCPA §227(c) for each intentional violation (2);

F. An award of $10,000 in statutory damages arising from violations of Section 38.12(b) of the Penal Code and Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct;

G. An injunction requiring Defendant to cease sending all unlawful calls;

H. An award of reasonable attorneys' fees and costs; and

I. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: April 18, 2025     Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Classes*